# UNITED STATES DISTRICT COURT
# DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Crim. No. 03-41-P-H |
| ) | |
| NICHOLAS BLAKE, ) | |
| ) | |
| Defendant ) | |

## ORDER

This matter came before me this date for a preliminary hearing pursuant to Fed. R. Crim. P. 32.1(a)(1). The defendant appeared with counsel, waived his right to a preliminary hearing and consented to the entry of a finding of probable cause to hold him for a revocation hearing. Accordingly, I **_FIND_** probable cause to hold the defendant for a revocation hearing.

A release hearing was held at the defendant's request for the purpose of determining whether he is eligible for release pending the revocation hearing. *See* Fed. R. Crim. P. 32.1(a)(6). The standards governing release in these circumstances are those prescribed in 18 U.S.C. § 3143(a). *Id*. Thus, the defendant is entitled to be released if he establishes, by clear and convincing evidence, that he is not likely to flee or pose a danger to the safety of any other person or the community if released pursuant to 18 U.S.C. § 3142(b) or (c).

The defendant was sentenced to a term of imprisonment on January 26, 2004 following his conviction in this court for distribution of crack cocaine and aiding and abetting the same. His supervised release commenced on August 4, 2006. He has tested positive for use of marijuana seven times since and including August 2, 2007, notwithstanding warnings that his continued use would likely result in revocation proceedings. It is apparent that, notwithstanding this history and these

warnings, the defendant continues to be a regular user of marijuana. Such use helps to maintain a market that fosters a continuation of illegal drug supply and use which remain a scourge on the community. The defendant has proposed no conditions of release to address this dangerousness risk.

On the record before the court, and given the nature of the offending conduct underlying the petition for revocation, I can only conclude that the defendant has failed to establish by clear and convincing evidence that he is not likely to pose a danger to the safety of the community if released pursuant to 18 U.S.C. § 3142(b) or (c).

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with his counsel. On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility shall deliver the defendant to the United States Marshal for the purposes of an appearance in connection with a court proceeding.

Dated this 16th day of January, 2008.

/s/ David M. Cohen
David M. Cohen
United States Magistrate Judge